Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Clayton R. Freeman*

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Clayton R. Freeman,

Plaintiff/s,

v.

BMW Financial Services NA, LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc.,

Defendant/s.

Case No.:

**Complaint for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.**

**Jury trial demanded**

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Clayton R. Freeman ("Plaintiff"), by counsel, brings this action to challenge the actions of BMW Financial Services NA, LLC ("BMW"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

7. Any violations by Defendants was knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.
8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.
10. This action arises out of Defendant's violations of the FDCPA.
11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
13. Equifax and Experian are each a corporation doing business in the State of Nevada.
14. The furnishers named herein, including BMW, are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.
15. Equifax and Experian regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Equifax and

Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

**— GENERAL ALLEGATIONS —**

17. Sometime before November 2018, Plaintiff financed a vehicle from BMW and timely made his payments each month.

18. In or around November 2018, Plaintiff sold the vehicle to Vegas Motorcars, a local car dealership.

19. As part of the sale, Vegas Motorcars was to pay BMW the payoff amount.

20. Plaintiff fully performed all of his obligations to BMW and to Vegas Motorcars.

21. Vegas Motorcars did in fact pay off the vehicle to BMW as a result of the November 2018 transaction with Plaintiff.

22. At all times relevant, Plaintiff was never late on any payment to BMW or, thereafter, to Vegas Motorcars.

23. Nevertheless, even after Plaintiff disputed their actions and provided evidence of their errors, Defendants repeatedly reported that Plaintiff was past due on his payments to BMW.

24. Defendants' reporting was inaccurate and misleading.

25. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

## — THE EQUIFAX VIOLATIONS —

## Equifax and BMW Misreported Credit Information and Failed to Investigate Plaintiff's Dispute

## Re: BMW Account No. 0278*

26. In Plaintiff's 2019 credit report from Equifax, Equifax and BMW inaccurately reported that Plaintiff was past due on his payments to BMW for December 2018, January 2019, and February 2019. In fact, Vegas Motorcars itself notified Defendants on numerous occasions that *it* was responsible to make the payments and that Plaintiff was timely on all of his obligations and responsible in assuring that the payments would be made on time. In other words, Plaintiff was responsible and never late on his payments and had no reason to believe that Vegas Motorcars would not timely pay off the loan to BMW (as it eventually did). This reporting was inaccurate since Plaintiff fully performed on all of his obligations to BMW and Vegas Motorcars.

27. On May 24, 2019, Plaintiff disputed Equifax's reporting regarding the debt pursuant to 15 U.S.C. § 1681i by notifying Equifax, in writing, of the incorrect and inaccurate credit information.

28. Specifically, Plaintiff sent a letter to Equifax, requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected.

29. Equifax was required to conduct a reinvestigation into this specific debt on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i

30. Upon information and belief, Equifax timely notified BMW regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

31. Upon information and belief, Equifax provided BMW with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

32. Upon information and belief, Equifax provided all relevant information to BMW regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

33. On or around July 12, 2019, Plaintiff received notice that Equifax and BMW investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

34. A reasonable investigation by Equifax and BMW would have indicated that they were reporting the above disputed account inaccurately.

35. Equifax and BMW failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

36. Equifax and BMW re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Equifax and BMW re-reported that Plaintiff was past due for December 2018, January 2019 and February 2019 regarding Plaintiff's BMW account. Equifax's and BMW's reporting was inaccurate, as discussed above.

37. Equifax and BMW, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

38. Equifax and BMW failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

39. Due to Equifax's and BMW's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

40. Equifax's and BMW's continued inaccurate and negative reporting of the debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

41. Also as a result of Equifax's and BMW's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

42. By inaccurately reporting account information after notice and confirmation of its errors, Equifax and BMW failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**— THE EXPERIAN VIOLATIONS —**

**Experian and BMW Misreported Credit Information and Failed to Investigate Plaintiff's Dispute**

**Re: BMW Account No. 0278***

43. In Plaintiff's 2019 credit report from Experian, Experian and BMW inaccurately reported that Plaintiff was past due on his payments to BMW for December 2018. In fact, Vegas Motorcars itself notified BMW on numerous occasions that *it* was responsible to make the payments and that Plaintiff was timely on all of his obligations and responsible in assuring that the payments would be made on time. In other words, Plaintiff was responsible and never late on his payments and had no reason to believe that Vegas Motorcars would not timely pay off the loan to BMW (as it eventually did). This reporting was inaccurate since Plaintiff fully performed on all of his obligations to BMW and Vegas Motorcars.

44. On or around May 24, 2019, Plaintiff disputed Experian's reporting regarding the debt pursuant to 15 U.S.C. § 1681i by notifying Experian, in writing, of the incorrect and inaccurate credit information.

45. Specifically, Plaintiff sent a letter to Experian, requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

46. Experian was required to conduct a reinvestigation into this specific debt on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i

47. Upon information and belief, Experian timely notified BMW regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

48. Upon information and belief, Experian provided BMW with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

49. Upon information and belief, Experian provided all relevant information to BMW regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

50. On or around July 15, 2019, Plaintiff received notice that Experian and BMW investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

51. A reasonable investigation by Experian and BMW would have indicated that they were reporting the above disputed account inaccurately.

52. Experian and BMW failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

53. Experian and BMW re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Experian and BMW re-reported that Plaintiff was past due for December 2018, regarding Plaintiff's BMW account. Experian's and BMW's reporting was inaccurate as discussed above.

54. Experian and BMW, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

55. Experian and BMW failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

56. Due to Experian's and BMW's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

57. Experian's and BMW's continued inaccurate and negative reporting of the debt in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

58. Also as a result of Experian's and BMW's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

59. By inaccurately reporting account information after notice and confirmation of its errors, Experian and BMW failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Plaintiff's damages**

60. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff was denied credit, was afraid to further apply for credit, suffered emotional distress and mental anguish, and suffered other harms as a result of Defendants' actions described here. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

63. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

64. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

65. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**Jury Demand**

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 22, 2020.

Respectfully submitted,

**KIND LAW**

/s/ Michael Kind

Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Clayton R. Freeman*

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123